```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x
TRANSAMERICA FINANCIAL LIFE                     :
INSURANCE COMPANY,                              :
                                                :
                       Plaintiff,               :
        -against-                               :         10 CV 1328 (HB)
                                                :
ROBIN SESSION, JEFFREY A. THORNE,               :         OPINION & ORDER
THE ESTATE OF ROBERT L. THORNE,                 :
and JEFFREY THORNE, as the Executor of the      :
Estate of Robert L. Thorne,                     :
                                                :
                       Defendants.              :
------------------------------------------------------------------------------x
```

**Hon. Harold Baer, Jr., U.S.D.J.:**

This case began on February 18, 2010, when Transamerica Financial Life Insurance Company ("Transamerica") commenced a statutory interpleader action pursuant to 28 U.S.C. § 1335. Transamerica filed its Complaint in Interpleader in response to conflicting claims to the proceeds of an annuity policy that it sold in 2008 to Robert L. Thorne ("Thorne"). As Defendants, Transamerica named Thorne's niece, Robin Session ("Session"), Thorne's son, Jeffrey Thorne ("Jeffrey"), and the Estate of Robert Thorne ("the Estate"), of which Jeffrey is executor.[1] After Transamerica deposited the policy proceeds with the Clerk of Court, Robin moved for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c). Her motion has gone unopposed. For the reasons that follow, Robin's motion for judgment on the pleadings is hereby granted.

### I. Factual Background

The Complaint alleges that on or about December 26, 2008, Thorne purchased a Modified Single Premium Deferred Annuity, in which he named Session as the sole beneficiary. Cplt. ¶ 11. On March 6, 2009, Thorne executed a Delivery and Acknowledgment Receipt, which set forth details about the policy and again identified Session as the sole beneficiary under the

---

[1] The Complaint names Jeffrey Thorne individually and in his capacity as Executor of the Estate of Robert Thorne.

policy. *Id*. ¶ 12. Thorne died on or about July 19, 2009. *Id.* ¶ 14. On August 3, 2009, Transamerica contacted Session to notify her that had been named the sole beneficiary and to inform her that the value of the policy as of that date was $90,242.41. *See* McLaughlin Decl., Ex. C. About two weeks later, counsel for Jeffrey and the Estate notified Transamerica that they were contesting the policy's beneficiary designation, and directed Transamerica to refrain from making any payments on the policy until further investigation. Cplt. ¶ 16. On November 9, 2009, counsel for Jeffrey and the Estate notified Transamerica that they were formally contesting the policy's beneficiary designation, and by letter dated December 10, 2009, Jeffrey notified Transamerica that he contested payment of the policy proceeds to Session. *Id.* ¶¶ 18-19. On December 29, 2009, Session contacted Transamerica to request that the insurer file an action in interpleader. *Id.* ¶ 20.

Transamerica filed the Complaint in Interpleader on February 18, 2010. On April 26, 2010, Session filed an Answer to the Complaint, and on May 10, 2010, Jeffrey Thorne filed his Answer. In addition, on May 5, 2010, I held a conference pursuant to Fed. R. Civ. P. 16, at which counsel for Transamerica and for Jeffrey appeared. Session appeared at the conference *pro se*, but stated that her attorney would handle future appearances and court filings. At the conference, Transamerica stated its position as a neutral stakeholder and informed the Court that it wished to deposit the policy proceeds with the Clerk of Court. The same day, I approved a Consent Judgment in Interpleader executed by the parties, pursuant to which Transamerica would be discharged from liability upon its deposit of $92,813.38, the value of the policy as of April 28, 2010. On May 21, 2010, the Clerk of Court registered Transamerica's deposit in that amount.

Session first attempted to file her Rule 12 motion for judgment on the pleadings on July 8, 2010, but her attorneys did not comply with certain requirements of the Court's ECF system and the motion was not docketed. The Court's automated system sent notices to inform her attorney that the documents were incorrectly filed, in addition to which Chambers called Session's attorney to request re-filing of the motion, so that the motion could be correctly docketed and electronic notice could be sent via ECF to counsel of record for all parties in the case. Session successfully re-filed her motion via ECF on August 17, 2010 and filed the supporting declaration and exhibits on August 19, 2010. Although counsel for Jeffrey and the Estate appeared at the May 5, 2010 Conference and filed an Answer to the Complaint, they have

2

not filed any opposition to the instant motion, nor have they written to or otherwise contacted Chambers.

## II. Legal Standard

The same standard that applies to a motion to dismiss pursuant to Rule 12(b)(6) applies to a Rule 12(c) motion for judgment on the pleadings.  See *Bank of N.Y. v. First Millenium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010).  I therefore accept all factual allegations in the Complaint as true and draw all reasonable inferences in the non-movant's favor. *See Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir.1994) (discussing Rule 12(c)), *cert. denied*, 513 U.S. 816 (1994); *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir.2009) (discussing Rule 12(b)(6)). To survive a motion under Rule 12(c) or Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (discussing Rule 12(b)(6)); *see also Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010) (applying the same standard under Rule 12(c)). A claim is facially plausible only if the pleaded facts permit a court to reasonably infer that the plaintiff is entitled to relief. *Iqbal*, 129 S. Ct. at 1949.  Where such an inference can be made, a motion pursuant to Rule 12(c) or Rule 12(b)(6) will be granted only where, on the facts admitted by the non-moving party, the moving party is clearly entitled to judgment. *See Sellers v. M.C.Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988).

## III. Discussion

This action was filed pursuant to 28 U.S.C. § 1335, which grants district courts original jurisdiction over suits in interpleader where diversity of citizenship exists between two adverse claimants to the same property, and the amount in controversy exceeds $500.  28 U.S.C. § 1335 (2010).  In such diversity suits, federal courts are bound to apply state law.  *First Metlife Ins. Co. v. Zilkha*, 2009 WL 2999607 at *4 (S.D.N.Y. Sept. 21, 2009) (citing *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78-79).  New York law provides that a person's rights to the proceeds of an annuity life insurance policy "shall not be impaired or defeated by any statute or rule of law governing the transfer of property by will, gift, or intestacy." N.Y. EST. POWERS & TRUSTS LAW § 13-3.2 (McKinney 2008).  For example, where the New York Supreme Court granted an

executor's motion directing that the proceeds of an annuity account be turned over to the executor, the First Department reversed, holding that the decedent had established an annuity account for the benefit of his nephew, who was "a person entitled to receive payment" pursuant to the annuity and section 13.3-2. *See American Int'l Life Assur. Co. v. McGillicuddy*, 763 N.Y.S.2d 269, 269 (N.Y. App. Div. 2003).

Here, the Complaint alleges that Thorne named Session as sole beneficiary of the annuity policy that he purchased on December 26, 2008, and that Thorne executed a Delivery and Acknowledgment Receipt on March 6, 2009 which again identified Session as sole beneficiary. Cplt. ¶¶ 11-12. Both Session and Jeffrey denied these allegations on the basis of their lack of knowledge or information sufficient to form a belief as to their truth; however, the documents annexed to the Complaint, upon which I may rely in deciding this motion,[2] indicate that Session was clearly named as sole beneficiary under the policy. At the front of the packet of information that was mailed to Thorne after he purchased the policy was an "Information Page" that provided the key terms of the annuity, such as his name, the date and amount of the policy, and the minimum guaranteed interest rate. At the bottom of the page, in a box labeled "beneficiary information," the primary beneficiary is listed as Robin Session. In addition, the cover letter that accompanied the policy information made clear that Thorne could cancel the policy by contacting Transamerica within 20 days. *See* Ex. A to Cplt. The one-page Delivery and Acknowledgement Receipt that Thorne executed on March 6, 2009 also contains only the key terms of the annuity. Again, it lists Robin Session as beneficiary. Robin Session Ans. ¶ 9; Jeffrey Thorne Ans. ¶ 6. Session admits in her Answer that Transamerica contacted her in August 2009 to inform her that she was the beneficiary under the policy, and in her claim against the interpleaded funds, alleges that she is entitled to immediate payment of the policy proceeds. Robin Session Ans. ¶¶ 10, 20.

Jeffrey admits in his answer that he contacted Transamerica after his father's death to request that it refrain from making any payments on the policy until further investigation could be completed. Cplt. ¶ 16; Jeffrey Thorne Ans. ¶ 11. He also admits that he formally contested the beneficiary designation and payment of the policy proceeds to Session. Cplt. ¶¶ 17-18; Jeffrey Thorne Ans. ¶ 11. In his initial letter to Transamerica, which is appended to the Complaint and which Jeffrey admits to sending, Jeffrey stated his belief that at the time Thorne

---

[2] *See Automated Salvage Transp. v. Wheelabrator Envtl. Sys.,* 155 F.3d 59, 67 (2d Cir. 1998).

purchased the annuity, "something had gone wrong with my father" and wrote, "your institution, myself, and my father's grandchildren all need to know when my father's health and mental state began to deteriorate in order to find out what motivated him to make the financial decisions which he made on December 26th, 2008, less than 6.5 months prior to his death." *See* Ex. F to Cplt; Jeffrey Thorne Ans. ¶ 9. Despite Jeffrey's intimations that Session should not have been named beneficiary, Jeffrey did not oppose Session's instant motion for judgment on the pleadings. Moreover, Jeffrey's Answer does not provide any basis upon which the Court could conclude that Session is not the rightful beneficiary of the policy proceeds; rather, it simply asserts, with no factual substantiation, that the policy proceeds should be paid to the Estate. Nowhere in the pleadings is there any fact that would allow me to conclude that Session is not entitled to the policy proceeds; therefore, her motion for judgment on the pleadings must be granted.

### IV. Conclusion

For the foregoing reasons, the motion of Defendant Robin Session for Judgment on the Pleadings is hereby GRANTED. The Clerk of Court is directed to pay the policy proceeds on deposit to Robin Session, close the case and remove it from my docket.

SO ORDERED.
New York, New York
October 29, 2010

_____
U.S.D.J.

5